UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
|   |   |   |
|---|---|---|
| MAURICE D. THOMPSON, | : | Case No. 1:15-CR-34 |
|  | : | Case No. 1:16-CV-01590 |
| Petitioner, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 27, 1:15-CR-34] |
| UNITED STATES OF AMERICA, | : | [Resolving Doc. 1, 1:16-CV-01590] |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Maurice D. Thompson petitions for a writ of habeas corpus under 28 U.S.C. § 2255. He argues that he was improperly sentenced under the United States Sentencing Guidelines ("USSG" or "Guidelines") because his prior convictions are no longer offenses that trigger an enhanced sentence requirement.[1] Defendant Thompson cites to the Supreme Court's recent *Johnson v. United States*[2] opinion for support.[3] However, *Johnson* does not apply to Thompson's case. For the reasons below, the Court **DENIES** Defendant Thompson's petition.

*Johnson v. United States* held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[4] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[5]

---

[1] Doc. 27. The Government opposes. Doc. 29.
[2] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[3] Doc. 27 at 3-4.
[4] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[5] *Id.*

Case No. 1:15-CR-34
Gwin, J.

Defendant Thompson received an enhanced sentence under the United States Sentencing Guidelines ("Guidelines") as opposed to the ACCA.[6] The Guidelines provide for an enhanced sentence if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[7] The Supreme Court's *Johnson* opinion may affect the constitutionality of the Guidelines' definition of a "crime of violence."[8]

However, Defendant Thompson's prior felony convictions are "controlled substance offenses," not "crimes of violence." Thompson's Presentence Report identified three prior felony convictions, all of which are "controlled substance offenses" under the Guidelines.[9]

Because *Johnson* did not concern the definition of a "controlled substance offense," *Johnson* has no effect on the propriety of Defendant Thompson's sentence. Therefore, the Court **DENIES** Defendant Thompson's petition.

IT IS SO ORDERED.

Dated: October 17, 2016               *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[6] *See* Doc. 16 at 6 (plea agreement); *see also* Doc. 26 (judgment).
[7] U.S.S.G. 4B1.1.
[8] This issue is currently pending before the Supreme Court in *Beckles v. United States*, Docket No. 1508544.
[9] Doc. 21. Defendant Thompson was previously convicted of "Conspiracy to Possess with the Intent to Distribute Cocaine" and "2 Counts of Possession with the Intent to Distribute Cocaine Base." *Id.* at 8. These offenses are controlled substance offenses as opposed to crimes of violence.

2