UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:15-cr-00034 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 40] |
| v. | : |  |
|  | : |  |
| MAURICE D. THOMPSON, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, the Court considers Defendant Maurice Thompson's compassionate release motion. On November 17, 2015, Thompson was sentenced to a 110-month prison term for firearm and marijuana possession offenses. He has since served all but 10 months of that sentence. But had Thompson been sentenced today, he would have received a substantially shorter sentence and would have already completed his prison term.

Finding that Thompson has shown extraordinary and compelling circumstances and that a sentence reduction is warranted under the 18 U.S.C. § 3553 factors, the Court **GRANTS** Thompson's motion and reduces his sentence to time served.

## I.    Background

In 2015, Defendant Thompson pled guilty to being a felon in possession of a firearm and possession with intent to distribute marijuana.[1] The Court sentenced Thompson to a 110-month prison term.[2]

---

[1] Doc. 15.
[2] Doc. 24.

Case No. 1:15-cr-00034
GWIN, J.

Thompson received an enhanced sentence under the United States Sentencing

Guidelines ("Guidelines") because of his earlier criminal history.[3]  The Court considered

his prior convictions for Conspiracy to Possess with the Intent to Distribute Cocaine and

Possession with the Intent to Distribute Cocaine as "two prior felony convictions of [ . . . ] a

controlled substance offense" under U.S.S.G. § 2K2.1(a)(2) and U.S.S.G. § 4B1.1(a).  This

increased both his offense level computation and his criminal history computation, which

increased the length of his sentence.[4]

Five years after the Court sentenced Thompson, the Sixth Circuit ruled in *United

States v. Cordero*[5] that "conspiracy to distribute controlled substances is not a 'controlled

substances offense'" under the Guidelines.[6]  *Cordero* reached that conclusion based on the

earlier *Havis* decision, which established that the Guidelines term "controlled substances

offense" did not include attempt crimes.[7]

After the *Havis* decision, the Court granted Thompson's *pro se* motion seeking

counsel assistance.  Thompson then filed a counsel-prepared compassionate release

motion.[8]  The Government opposed.[9]

More recently, at the Court's direction, Thompson filed an updated position paper.[10]

The Government did not file an updated motion.

---

[3] Doc. 30 at 2.
[4] *Id.*; Doc. 21 ¶¶ 31, 60.
[5] 973 F.3d 603 (6th Cir. 2020).
[6] *Id.* at 626.  While *Cordero* only addressed the interpretation of "a controlled substances offense" in U.S.S.G. § 4B1.2(b)(a), the Court finds that *Cordero* applies to the identical phrase in U.S.S.G. § 2K2.1(a)(2).  *Cf. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006) (internal citations omitted) ("Generally, identical words used in different parts of the same statute are ... presumed to have the same meaning.").
[7] *Id.* (quoting *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)).
[8] Doc. 40.
[9] Doc. 43.
[10] Doc. 47.

Case No. 1:15-cr-00034
GWIN, J.

## II.    Discussion

Thompson seeks relief under 18 U.S.C. § 3582(c)(1)(A).  Since his claim is properly

exhausted,[11] the Court first determines whether "extraordinary and compelling reasons"

justify reducing Thompson's sentence.[12]  After that, the Court considers the applicable §

3553 sentencing factors.[13]

### A.    Extraordinary and Compelling Reasons

 "District courts have discretion to define 'extraordinary and compelling' on their

own initiative."[14]  While that discretion is constrained, the Sixth Circuit recently held that

"a court may consider a nonretroactive change in the law as one of several factors forming

extraordinary and compelling circumstances."[15]

Here, the Court finds that the subsequent change in the Guidelines interpretation is

a factor weighing in favor the extraordinary and compelling inquiry.  Had Thompson been

sentenced under the present regime, his Guidelines range would have been 63 to 78

months.[16]  On the lower end of that range, this means Thompson's sentence would have

been about half the sentence he received.  And even on the higher end, at 78 months,

Thompson would have already completed his prison term.

As an additional factor, Thompson raises the ongoing COVID-19 pandemic.  The

Court notes that the Sixth Circuit has said that where a Defendant has access to a vaccine,

---

[11] Doc. 43 at 4 ("It appears that [Thompson] has met the administrative exhaustion requirement.").

[12] *United States v. Bass*, No. 21-1094, 2021 WL 5099583, at *3 (6th Cir. Nov. 3, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A).

[13] *Id.; see also id.* n.2 (18 U.S.C. § 3582(c)(1)(A)(ii) policy statement requirement "does not apply" to inmate-filed motions).

[14] *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.").

[15] *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021).

[16] Doc. 45 at 5 (table explaining calculation).

Case No. 1:15-cr-00034
GWIN, J.

"a defendant's incarceration during the COVID-19 pandemic ... does not present an 'extraordinary and compelling reason.'"[17]  The Court nonetheless finds that the pandemic has made Thompson's "incarceration harsher and more punitive than would otherwise be the case" and "exceeds what the Court anticipated at the time of sentencing."[18]

Accordingly, taking these factors together, Thompson had made a showing of extraordinary and compelling reasons warranting a sentence reduction.

### B.  Section 3553 Factors

The Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."[19]

The Court finds that these factors support reducing Thompson's sentence to time served.  His 100-month prison sentence for non-violent crimes is sufficient punishment. The additional 10 months of his sentence are likely to have minimal—if any—additional retributive or deterrent effect.

Despite the Government's suggestion to the contrary, the Court does not view the record to suggest that Thompson's immediate release presents a danger to the community.

---

[17] *McCall*, 20 F.4th at 1114 (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)).

[18] *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020) (Rakoff, J.) (citations omitted).

[19] 18 U.S.C. § 3553(a).

- 4 -

Case No. 1:15-cr-00034
GWIN, J.

He is forty years old.[20]  He has no prior crimes of violence.[21]  He is currently incarcerated

at a low-security institution and is scheduled to be released to a halfway house in six

months.[22]

Once released, Thompson—who has accepted responsibility for his actions—says he

will turn to his family, including his sixteen-year-old son.[23]  He has the support of his

fiancé, a stable place to live in Ohio, and a job at a car-washing facility upon his release.[24]

## III.  Conclusion

The Court **GRANTS** Thompson's compassionate release motion and reduces his

sentence to time served.  All other previously imposed post-release conditions remain the

same.

IT IS SO ORDERED.


Dated: January 24, 2022                                    s/      *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[20] Doc. 47 at 7.
[21] *Id.*
[22] *Id.* at 1.
[23] *Id.* at 7.
[24] *Id.*